IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| HOWARD HOFELICH,<br><br>   Plaintiff,<br><br> vs.<br><br>UNITED STATES OF AMERICA, INTERNAL REVENUE SERVICE; UNTIED STATES COAST GUARD VESSEL DOCUMENTATION CENTER, STATE OF HAWAII, DOE STATES 1-2; DOE ATTORNEYS 1-10; JOHN DOE ENTITIES 1-10; GOVERNMENTAL ENTITIES 1-10; JANE DOE ENTITIES 1-2; DOE CORPORATION ENTITIES 1-5,<br><br>   Defendants.<br>_____ | CV. NO. 08-00550 DAE/KSC |

ORDER GRANTING UNITED STATES' MOTION TO DISMISS; GRANTING STATE OF HAWAII'S MOTION TO DISMISS; AND DENYING PLAINTIFF'S MOTIONS OF DEMURRER AS MOOT

   Pursuant to Local Rule 7.2(d), the Court finds these matters suitable for disposition without a hearing. After reviewing Defendants' and Plaintiff's motions and the supporting and opposing memoranda, the Court GRANTS Defendant United States' motion to dismiss, the joinder thereto, and GRANTS

Defendant State of Hawaii's motion to dismiss.  (Docs. ## 8, 21, 22.)  This Court DENIES Plaintiff's motions of demurrer AS MOOT.  (Docs. ## 10, 28.)

BACKGROUND

Plaintiff, proceeding pro se, filed a Complaint in his own name, and possibly on behalf of H Isabelle McGarry Trust, on December 5, 2008.  The Internal Revenue Service of the United States ("IRS"), the Coast Guard, and the State of Hawaii are the only named defendants.  Plaintiff alleges due process and equal protection violations, unjust taxation, violation of the consumer protection act, unlawful seizure, and double taxation.  Plaintiff's claims arise out of a judgment against him in California state court, which was enforced in Hawaii state court.  Plaintiff alleges his property was unlawfully seized by the State of Hawaii on February 27, 1999, based upon a "sham" auction.  Plaintiff claims that the Coast Guard Vessel Documentation Center has clouded titled and transferred Plaintiff's property without authorization.  Plaintiff claims he is being harassed by the State and the IRS for unlawful taxes.  Plaintiff seeks recovery of his property, $1,000,000, and the right to deduct his losses according to the U.S. tax code.

In an attempt to have his property returned, Plaintiff has filed a string of lawsuits.  In his Complaint, Plaintiff alleges that he filed a bankruptcy proceeding in the Southern District of California, and proceedings in state and

federal courts in Illinois, where he is a resident, California, and Hawaii. One case in particular was Plaintiff's previous lawsuit in this Court filed on September 24, 2007, Hofelich v. State of Hawaii et al., CV. No. 07-00489 SOM-KSC ("Previous Federal Action"). Plaintiff attached a copy of the complaint in CV. No. 07-00489 to the Complaint in the instant case. In this case, Plaintiff alleged the same set of facts as in the Previous Federal Action, but added improper taxation claims.

In the Previous Federal Action, Plaintiff tried to appeal decisions by California and Hawaii state courts. Hofelich v. Hawaii, Civil No. 07-00489, 2007 WL 4372805, at *1 (D. Haw. Dec. 31, 2007). Judge Mollway construed Plaintiff's confusing complaint as follows:

> a judgment was entered against Hofelich for $83,730.77 after a jury trial in California and that judgment was enforced in the Circuit Court of the Third Circuit, State of Hawaii.
> A Hawaii sheriff was apparently directed to levy upon Hofelich's property and to sell that property at public auction. On or about February 26, 1999, a State of Hawaii sheriff seized Hofelich's property pursuant to the Hawaii State Court's order.
> Hofelich says that the sheriff abandoned the seized property, allowing it to be looted. Hofelich alleges that he was unable to do anything about the looting because he was, at that time, deployed on a military submarine.
> The sheriff says that the property was sold on August 24, 2000, for a total of $91,000.00. Hofelich says this was a "mock" auction and that Judge Ronald Ibarra deliberately prevented the public from bidding on the

>      property and conspired to steal all of Hofelich's property
> through that sale.
>      Hofelich's Complaint states that he "intends to
> demand judicial recovery of his titled property
> unlawfully seized and spirited away . . . .

Id. (citations to the record omitted).

Judge Mollway dismissed Plaintiff's claims based upon the Rooker-Feldman doctrine because the claims were essentially appeals of state court decisions. Id. at *3-5. Judge Mollway also found that claims against the State were barred by the Eleventh Amendment. Id. at *6-7. Judge Mollway found that Plaintiff may have a viable claim and granted Plaintiff leave to amend his complaint. Judge Mollway instructed Plaintiff that he "may not reassert claims arguing that entry of any California or Hawaii judgment, order, or writ was improper." Id. at *1. Plaintiff filed an amended complaint, however, it was dismissed because he merely re-asserted his previous claims. Plaintiff appealed, and Judge Mollway's decisions were affirmed. See Isabelle McGarry Trust, of March 19, 1971 v. Hawaii, No. 08-15397, 2008 WL 3861877 (9th Cir. Aug. 11, 2008).

Plaintiff then brought the instant suit. Defendant State of Hawaii filed a motion to dismiss the instant Complaint on January 29, 2009, arguing that the instant suit was barred by the Rooker-Feldman doctrine and the Eleventh

Amendment.  (Doc. # 8.)  Defendant United States filed a joinder to that motion on March 3, 2009 (Doc. # 21), and filed its own motion to dismiss on March 4, 2009.  (Doc. # 22.)  Plaintiff, pro se, filed a motion of demurrer, to establish federal jurisdiction over the State of Hawaii on February 11, 2009.  (Doc. # 10.)  Plaintiff filed an answer and affidavit on the same day regarding the State's motion to dismiss.  (Doc. # 11.)  Plaintiff filed a statement of damages and a memorandum in support on February 20, 2009.  (Docs. ## 13, 14.)  Plaintiff filed a statement of jurisdiction on February 27, 2009.  (Doc. # 18.)  Plaintiff filed a statement of opposition on March 16, 2009.  (Doc. # 24.)  Plaintiff filed another motion of demurrer to establish jurisdiction on March 18, 2009.  (Doc. # 28.)  Plaintiff filed declarations in support of his complaint on March 30 and 31, 2009.  (Docs. ## 33, 34.)

   The State filed a memorandum in opposition to Plaintiff's motion for demurrer on March 19, 2009.  (Doc. # 26.)  The State filed a reply brief on March 25, 2009.  (Doc. # 30.)  The State filed a memorandum in opposition to Plaintiff's second motion on April 13, 2009.  (Doc. # 37.)  The Stated filed another opposition on April 17, 2009.  (Doc. # 39.)

## STANDARD OF REVIEW

Defendants brought their motions based upon lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). In a motion to dismiss for lack of the subject matter jurisdiction the plaintiff bears the initial burden of proving that subject matter jurisdiction exists. Prescott v. United States, 973 F.2d 696, 701 (9th Cir. 1992). Upon a motion to dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, a party may make a jurisdictional attack that is either facial or factual. Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004). A facial attack occurs when the movant "asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." Id. A factual attack occurs when the movant "disputes the truth of the allegations, that by themselves, would otherwise invoke federal jurisdiction." Id.

In resolving a facial attack on the allegations of the complaint, the court must accept the allegations of the complaint as true. Mason v. Arizona, 260 F. Supp. 2d 807, 815 (D. Ariz. 2003). "Unlike a Rule 12(b)(6) motion, however, the court will not reasonably infer allegations sufficient to support federal subject matter jurisdiction because a plaintiff must affirmatively allege such jurisdiction." Id.

DISCUSSION

Defendants argue that they are immune from suit. In addition, Defendants argue that this case is barred by the Rooker-Feldman doctrine.

Plaintiff argues that this Court has jurisdiction over his lawsuit based upon diversity of the parties, the Consumer Protection Act of 1997, the violation by Defendants of Illinois' sovereign immunity, and his engagement in interstate commerce.

I.   Sovereign Immunity of the State

The Eleventh Amendment generally renders states immune from private damages claims or claims for injunctive relief brought in federal court. Stanley v. Trs. of Cal. State Univ., 433 F.3d 1129, 1133 (9th Cir. 2006); Savage v. Glendale Union High Sch., Dist. No. 205, Maricopa County, 343 F.3d 1036, 1040 (9th Cir. 2003). This "sovereign immunity" bars private citizens from suing the state in federal court under either federal or state law claims. Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 106 (1984).

Thus, "[a]bsent waiver, neither a State nor agencies acting under its control may 'be subject to suit in federal court.'" Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, 506 U.S. 139, 144 (1993) (citations omitted); In re Pegasus Gold Corp., 394 F.3d 1189, 1195 (9th Cir. 2005); Franceschi v. Schwartz,

57 F.3d 828, 831 (9th Cir. 1995) ("[t]he Eleventh Amendment bars suits which seek either damages or injunctive relief against a state, an "arm of the state," its instrumentalities, or its agencies"); Pennhurst, 465 U.S. 89, 100 (1984) (the Eleventh Amendment "jurisdictional bar applies regardless of the nature of the relief sought"); Puerto Rico Aqueduct, 506 U.S. at 144.

The State has not waived its sovereign immunity from suit in federal court for the types of claims being asserted by Plaintiff.  None of Plaintiff's arguments indicate a wavier of immunity.  For this reason, the State's motion to dismiss is GRANTED.

II.     Sovereign Immunity of the United States

The United States is also immune from suit unless it consents to waive sovereign immunity.  Lehman v. Nakshian, 453 U.S. 156, 160 (1981);  United States v. Sherwood, 312 U.S. 584, 586 (1941).  The doctrine of sovereign immunity extends to agencies of the federal government and federal employees acting within their official capacities.  Hodge v. Dalton, 107 F.3d 705, 707 (9th Cir. 1997).  The IRS "as an agency of the United States, is protected from private lawsuits unless sovereign immunity has been waived."  Luther v. IRS, No. EDCV 99-0388, 2000 WL 1141744, at *1 (C.D. Cal. March 1, 2000).

Any waiver of sovereign immunity must be unequivocally expressed in statutory text and will not be implied.  Lane v. Pena, 518 U.S. 187, 192 (1996).  Morever, "statutes waiving the sovereign immunity of the United States must be 'construed strictly in favor of the sovereign.'"  Gasho v. United States, 39 F.3d 1420, 1433 (9th Cir. 1994).  The party asserting federal subject matter jurisdiction bears the burden of demonstrating "the source of the substantive law he relies upon can fairly be interpreted as mandating compensation by the Federal Government for the damages sustained."  United States v. Mitchell, 463 U.S. 206, 216-17 (1983) (citation and internal quotations omitted).  Absent a waiver of sovereign immunity, dismissal is required for lack of subject matter jurisdiction over a claim against the United States.  Hutchinson v. United States, 677 F.2d 1322, 1327 (9th Cir. 1982).

Plaintiff often refers to the United States Consumer Protection Act, however, there is no United States statute solely entitled Consumer Protection Act.  To the extent Plaintiff is referring to the Fair Credit Reporting Act and Fair Debt Collection Practice Act, there is no indication that the United States has waived its immunity under this statute.  See Kenney v. Barnhart, No. SACV 05-426-MAN, 2006 WL 2092607, at *9 (C.D. Cal. July 26, 2006)

(dismissing claim under the Fair Credit Reporting Act and Fair Debt Collection Practice Act, 15 U.S.C. § 1681, et seq., because the plaintiff could not show that "the United States has consented to be sued under any of these provisions"). Although this Court is unclear as to how any of these statutes pertain to the facts of this case, there is no evidence that the IRS or the Coast Guard took any actions that waived their immunity. See Luther, 2000 WL 1141744, at *1-2 (dismissing plaintiff's claims for "harassment concerning plaintiff's 1996 Tax Return, for not taxing income from his state retirement pension funds in the same manner as his income from social security benefits, and for withholding Plaintiff's 1998 tax refund" based on plaintiff's failure to establish any source of law waiving sovereign immunity of the IRS).

Accordingly, this Court GRANTS Defendant United States' motion to dismiss.

III.   Rooker-Feldman Doctrine

Even if Defendants were not immune from suit, Plaintiff is again essentially attempting to appeal to this Court decisions by state courts. The Rooker-Feldman doctrine generally bars federal district courts "from exercising

subject matter jurisdiction over a suit that is a de facto appeal from a state court judgment." Kougasian v. TMSL, Inc., 359 F.3d 1136, 1139 (9th Cir. 2004). Accordingly, Defendants' motions are granted on this basis as well.

## CONCLUSION

For the reasons stated above, the Court GRANTS Defendant United States' motion to dismiss, the joinder thereto, and GRANTS Defendant State of Hawaii's motion to dismiss. (Docs. ## 8, 21, 22.) This Court DENIES Plaintiff's motions of demurrer AS MOOT. (Docs. ## 10, 28).

This Court notes that Plaintiff has filed numerous oppositions and motions noted herein in which he attempts to establish this Court's jurisdiction. (See Docs. ## 10, 11, 13, 14, 18, 24, 28, 33, 34.) Despite these filings, Plaintiff has not presented this Court with any evidence of a waiver of sovereign immunity by the State or the United States, or that the Rooker-Feldman doctrine does not apply. Likewise, Plaintiff failed to establish that the Rooker-Feldman doctrine did not bar his claims or that the State was not entitled to Eleventh Amendment immunity in the Previous Federal Action and his appeal thereof. For these reasons, this Court finds that although Plaintiff is proceeding pro se, leave to

amend the Complaint would be futile.  Clerk to enter judgment in favor of Defendants.

       IT IS SO ORDERED.

       DATED:  Honolulu, Hawaii, May 6, 2009.



       _____
       David Alan Ezra
       United States District Judge

Hofelich v. United States, et al., CV No. 08-00550 DAE-KSC; ORDER GRANTING UNITED STATES' MOTION TO DISMISS; GRANTING STATE OF HAWAII'S MOTION TO DISMISS; AND DENYING PLAINTIFF'S MOTIONS OF DEMURRER AS MOOT